IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 06-091 |
| vs. | VIOLATION |
| DAVID B. LEBLANC | 2 U.S.C. § 441b (Misdemeanor) |
| Defendant. | |

FILED
MAR 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTUAL BASIS FOR PLEA

At all times relevant hereto:

1. Defendant DAVID B. LEBLANC was the co-founder of Company X, a privately-held for-profit health care corporation organized under the laws of Delaware. Company X operated as the parent company of a chain of long-term acute care hospitals located nationwide.

2. Company Y was a wholly-owned subsidiary of Company X, and it was a corporation as that term is defined in the Federal Election Campaign Act (FECA), Title 2, United States Code, Section 401 *et seq.* Company Y provided management services for Company X hospitals. LEBLANC served as Company Y's President and Chief Executive Officer.

3. As Company Y's President and CEO, LEBLANC was responsible for the day-to-day management of Company Y. His duties included approving or disapproving expense reports submitted for reimbursement by Company Y executives and employees. LEBLANC also had the discretion to recommend and implement salary increases and adjustments and the payment of bonuses to Company Y executives and employees.

4. Donald M. Boucher was the Director of Government Relations for Company Y. Boucher was hired by defendant LEBLANC as a full-time employee of Company Y in or around

January 1996, and he reported directly to LEBLANC. His responsibilities included establishing relationships with United States Senators and Representatives who serve on Senate and House Committees that oversee health care-related issues important to Company Y, and engaging in lobbying efforts for the purpose of furthering Company Y's legislative interests.

5. The Federal Election Commission (FEC) was an agency of the United States government headquartered in Washington, D.C., and it was responsible for enforcing the reporting requirements of the FECA and for directing, investigating and instituting civil enforcement actions with respect to violations of the FECA. In addition, the FEC was responsible for making available to the public specific information about the true amounts and true sources of political contributions to federal candidates and their political committees.

6. As LEBLANC knew, the FECA specifically prohibited, among other things:

a. corporations from making contributions or expenditures in connection with the nomination and election of candidates for federal office (Title 2, United States Code, Section 441b(a) and

b. any person from making a contribution in the name of another person or knowingly permitting his or her name to be used to effect such a contribution (Title 2, United States Code, Section 441(f).

7. Beginning in or about April 1997, and continuing until in or about December 2002, in the District of Columbia and elsewhere, LEBLANC and Boucher knowingly obtained corporate funds from Company Y and then used those funds to make approximately $50,000 in prohibited corporate contributions to political committees in their own names.

8. These unlawful contributions were made in the following ways. LEBLANC and

Boucher identified certain candidates and political committees that they believed would further the legislative interests of Company Y. Boucher submitted check requests and expense reports to Company Y, which defendant LEBLANC was aware of and approved, seeking corporate payment for political contributions that Boucher made in his own name. LEBLANC and Boucher also arranged for Company Y to make in-kind contributions to political committees for payment of expenses associated with political fund raising events. LEBLANC also approved the payment of discretionary bonuses to Boucher knowing that Boucher would pay some of that money back to him so that he could make political contributions in his own name.

FOR THE DEFENDANT

_[signature]_

DAVID B. LEBLANC
Defendant

_[signature]_

JAY B. STEWART
Counsel for Defendant

FOR THE UNITED STATES

ANDREW LOURIE
Acting Chief, Public Integrity Section

_[signature]_  2/23/06

MATTHEW C. SOLOMON
Trial Attorney
U.S. Department of Justice
Criminal Division
Public Integrity Section

_[signature]_

NICHOLAS A. MARSH
Trial Attorney
U.S. Department of Justice
Criminal Division
Public Integrity Section

3